USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___12/5/2025___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

SHERROD YOUNG,

Defendant.

24-CR-00273 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Defendant Sherrod Young, proceeding *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Dkt. No. 23 ("Mot."). The Government opposes Young's motion. *See* Dkt. No. 24 ("Opp."). For the reasons set forth below, Young's motion for compassionate release is DENIED.

## BACKGROUND

On March 24, 2024, Young committed an armed robbery at a bank branch in Manhattan.[1] He entered the bank during the early afternoon, wearing a black mask and dark sunglasses. PSR ¶ 11. He pulled out a firearm, pointed it at the bank's security guard, and instructed the guard to accompany him to one of the teller windows. *Id.* ¶¶ 11–12. Continuing to brandish the gun, he approached the window and told the teller, "Be quiet. Don't move, Give me all the money. Big bills. Hundreds." *Id.* ¶ 13. The teller gave Young some money, Young then demanded more, and the teller complied. *Id.* ¶ 14. In total, Young stole approximately $1,300 from the bank. *Id.* He was arrested minutes after leaving the bank. *See* Dkt. No. 1 at 4, 6.

---

[1] Young's offense conduct is described in his final Presentence Investigation Report, Dkt. No. 13 ("PSR"). At the time of sentencing, Young did not object to the facts as contained in the PSR. *See* Dkt. No. 17 at 5:6–12.

1

Young was charged by complaint on March 25, 2024.  *See* Dkt. No. 1.  Waiving his right to indictment, Young pled guilty on May 3, 2024, to an information charging him with bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2; and possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).  *See* Dkt. 8; Dkt. No. 10 at 31:7–16.  In a written plea agreement, Young and the Government stipulated to an applicable range of 57 to 71 months of imprisonment under the United States Sentencing Guidelines (the "Guidelines").  Dkt. No. 17 at 5:25–6:15.  After independent consideration, the Court agreed with the parties' stipulated Guidelines calculation.  *Id.* at 6:8–11.  On September 16, 2024, the Court sentenced Young to 42 months of imprisonment, to be followed by three years of supervised release.  *Id.* at 21:8–11; Dkt. No. 16.

On March 3, 2025, less than six months after his sentencing date, Young submitted a request for compassionate release to Warden Beth Rickard of FCI Schuylkill, which was denied on March 18, 2025.  *See* Mot. at 18.  Young filed the instant motion on March 31, 2025, having served approximately 13 months of his sentence (including the time spent in pre-trial detention).  *See id.* at 1.  His projected release date is April 13, 2027.  *Id.* at 2.

## DISCUSSION

### I.    STANDARDS GOVERNING COMPASSIONATE RELEASE MOTIONS

"Section 3582(c)(1) permits a district court to reduce a term of imprisonment if 'after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, it finds that extraordinary and compelling reasons warrant such a reduction.'"  *United States v. Fernandez*, 104 F.4th 420, 426 (2d Cir. 2024) (quoting *United States v. Halvon*, 26 F.4th 566,

568 (2d Cir. 2022)).[2]  Even if a court finds extraordinary and compelling reasons merit a sentencing reduction, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  "The burden of showing that the circumstances warrant a sentence reduction is on the defendant."  *Fernandez*, 104 F.4th at 427. "[A] district court's discretion in this area—as in all sentencing matters—is broad."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

The applicable Sentencing Commission policy statements provide six categories of circumstances that may amount to extraordinary and compelling reasons when considered either individually or in combination: (1) the "medical circumstances of the defendant"; (2) the defendant is "at least 65 years old," is "deteriorat[ing]" with age, and has served the lesser of 10 years or 75% of his sentence; (3) the "family circumstances of the defendant"; (4) whether the defendant was physically or sexually abused while in custody; (5) whether "any other circumstance or combination of circumstances" exist that "are similar in gravity" to the preceding four circumstances; and/or (6) the "defendant received an unusually long sentence and has served at least 10 years" and a subsequent change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  U.S.S.G. § 1B1.13(b)(1)–(6); *see also United States v. Harris*, No. 15-CR-00445-11 (PAE), 2024 WL 3718049, at *2–3 (S.D.N.Y. Aug. 7, 2024) (explaining the applicability of U.S.S.G. § 1B1.13(b)).

Separately, the section 3553(a) factors to be considered include:  "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need for

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "the kinds of sentences available"; and "the need to avoid unwarranted sentence disparities." *See* 18 U.S.C. § 3553(a).

## II.    APPLICATION OF THESE STANDARDS TO YOUNG'S MOTION

### A.  Young Does Not Establish an Extraordinary and Compelling Reason

Young seeks compassionate release pursuant to section 3582(c)(1), maintaining that his medical conditions and family circumstances are extraordinary and compelling reasons warranting a sentence reduction. *See* Mot. at 4–6.  His motion does not explain why his circumstances warrant compassionate release.  Rather, Young complains generally of limitations in the provision of medical care at FCI Schuylkill:

> This is not a Medical facility, the Doctor is unlicensed, you are not permitted sick calls on Wednesday, Saturday, or Sunday.  There is not Medical personnel at all any day after 5p.m [sic], and not before 6 a.m. in the mornings.  There is one officer per two houses the entire night, thus may not come for up to Two hours if needed for a Medical emergency during the night.

Mot. at 6.

"An experience shared by his fellow inmates that poses no unique burden to Mr. [Young] himself does not provide a ground for this Court to grant compassionate release." *United States v. Sayoc*, No. 18-CR-00820 (JSR), 2025 WL 918864, at *2 (S.D.N.Y. Mar. 26, 2025); *see also United States v. Santana*, No. 12-CR-00790 (PAE), 2023 WL 2625790, at *4 (S.D.N.Y. Mar. 24, 2023) ("[G]eneralized statements about prison conditions untethered to compelling specifics of the defendant's particular circumstances do not make the defendant's conditions 'extraordinary and compelling.'").  Because Young does not demonstrate how the allegedly inadequate medical services impact him specifically, those alleged circumstances do not provide a basis for compassionate release.

In his earlier request to Warden Rickard, but not in his motion to this Court, Young identified that he has "a degenerative eye condition that only leads to blindness" and that he had had a heart attack. Mot. at 17. Additionally, he noted that he was a "caregiver to [his] seriously ill sister, who needs assistance [long term]." Even considering those issues as if raised in the instant motion, Young fails to establish an extraordinary and compelling reason for compassionate relief.

### 1. Medical Conditions

A sentence reduction may be warranted if the defendant is suffering from "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" or from "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B)–(C). Young fails to establish any of these circumstances based on his cited medical issues.

First, there is no indication in Young's medical records that he suffered a heart attack, that his heart health is particularly at risk, or, even assuming he suffers from poor heart health, that his current medical care is inadequate. As best the Court can tell, Young's mention of a heart attack appears to be in reference to a 2024 fainting episode. *See* Opp. Ex. B. at 25.

Second, Young does not establish that his eye condition diminishes his ability to provide self-care in prison or that it requires long-term or specialized care that is not being provided to him. "[T]he presence of a health condition requiring long-term or specialized care does not by itself establish an extraordinary and compelling circumstance warranting a sentence reduction" without evidence that "the BOP is unable to care for an inmate with those conditions." *United States* v. *Radulescu*, No. 19-CR-00651 (SHS), 2024 WL 4200388, at *1 (S.D.N.Y. Sept. 16,

2024).  Young's medical records indicate that he is receiving and taking medical prescriptions and attending necessary medical appointments related to his glaucoma.  *See generally* Opp. Exs. A & B.  Moreover, the records describe his eye condition as "stable."  *See* Opp. Ex. B at 2. Thus, Young's unsupported claim that his glaucoma will lead to blindness does not establish an extraordinary and compelling reason warranting release, particularly absent any evidence that he is not receiving care that he would receive outside of prison.  *See United States v. Torres-Teyer*, No. 01-CR-00021 (VM), 2025 WL 2776048, at *4 (S.D.N.Y. Sept. 30, 2025) (denying release where defendant contended that "he will eventually be unable to walk" due to cervical arthritis but offered no evidence that the condition substantially diminishes his ability to provide self-care or that it required long-term or specialized care that was not being provided).

2.    **Caregiver Status**

When a defendant relies on section 1B1.13(b)(3)(C)'s sole-caregiver provision, "courts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions, before concluding that an extraordinary and compelling reason has been established."  *United States v. Cracchiolo*, No. 22-CR-00108 (JPC), 2025 WL 2017422, at *3 (S.D.N.Y. July 18, 2025) (quoting *United States v. Lindsey*, No. 13-CR00271 (LTS), 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021)).  Young has not made that showing here.  He has provided no information beyond the statement that he seeks to care for his "seriously ill" sister, who requires long-term assistance.  *See* Mot. at 17.  Even accepting Young's statements as true, Young has not explained his sister's condition nor demonstrated that he is the only caregiver available to care for her.  Accordingly, Young has not established an extraordinary and compelling reason for release.  *See United States v. Wynder*, No. 20-CR-00470 (PKC), 2025 WL 1002179, at *3 (S.D.N.Y. Apr. 3, 2025) (denying motion for

6

compassionate release where the movant did not offer evidence that his wife was incapable of caring for herself or that no other person could provide the necessary care).

## B. The Section 3553(a) Factors Weigh Against Release

Even if Young showed extraordinary and compelling reasons to justify release, the Court would still deny his motion because the section 3553(a) factors do not counsel in favor of the requested release.

Young brandished a loaded pistol as he robbed a bank. As the Court noted at sentencing, those actions created intense fear in the teller and security guard, and Young risked "a horrible chain of events where an accident or mistake on [his] part or the potential actions of a legally-armed employee or bystander who might attempt to disrupt the crime could have resulted in serious injury or death to [himself] or to totally innocent victims." Dkt. No. 17 at 18:6–22. Granting Young's motion for compassionate relief would not reflect the "extraordinarily dangerous and potentially destructive" nature of his conduct, *id.* at 18:4–5, nor would it promote respect for the law or serve the interests of general deterrence or just punishment. For the reasons stated in detail at Young's sentencing, a sentence of 42 months of imprisonment is necessary to achieve those goals. Young has not met his burden to show that circumstances have now changed. Indeed, the Court already considered his age and deteriorating physical health as mitigating factors when it imposed a below-Guidelines sentence. The sentence imposed on September 16, 2024, remains the appropriate sentence today.

## CONCLUSION

For all the reasons discussed herein, Young's motion for relief under 28 U.S.C.

§ 3582(c)(1)(A) is DENIED.  The Clerk of Court is respectfully directed to terminate Dkt. No.

23.

Dated: December 5, 2025
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge